UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel Spigelman,

          Plaintiff,

v.

Warden Rardin, et al.,

          Defendants.

Case No. 23-cv-2092 (PAM/LIB)

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

More than 90 days after Plaintiff filed his Amended Complaint, Plaintiff had not provided proof of service of a summons and Amended Complaint on any defendant. Accordingly, on January 12, 2024, the Court issued an Order notifying Plaintiff that the Federal Rules of Civil Procedure require a plaintiff to demonstrate proof of service upon a defendant "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m), the Court directed Plaintiff to provide proof of service or demonstrate good cause for an extension of time to serve defendants within twenty days from the date of the January 12, 2024, Order. The Court forewarned Plaintiff that if he failed to comply with this Court's directive in the time permitted, the Court would recommend dismissal of the present action for failure to effect proper service and failure to prosecute. (Order [Docket No. 12]).

Thereafter, Plaintiff moved for an extension of time to serve defendants. (Mot. [Docket No. 13]). On January 30, 2024, Plaintiff's request for an extension of time was granted in part, and the Court instructed Plaintiff to provide proof of service by no later than February 22, 2024. (Order [Docket No. 14]).

The time for Plaintiff to provide proof of service or demonstrate good cause for another extension of time to serve defendants has come and gone, and Plaintiff has neither provided proof of service nor articulated good cause as to why the Court should grant him a second extension of time to do so.

Consequently, the Court finds that Plaintiff has failed to abide by the terms of the Court's January 30, 2024, Order. [Docket No. 14]. Because the Court previously forewarned Plaintiff of the potential consequences of failing to abide by the Court's Order, the Court now recommends that this action be dismissed for failure to comply with the Court's January 30, 2024, Order, [Docket No. 14]; for lack of prosecution; and for failure to effect proper service. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate time after filing his complaint).

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED without prejudice**.

Dated:  April 5, 2024                                       s/Leo I. Brisbois
                                                            Hon. Leo I. Brisbois
                                                            U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).