UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Joel Spigelman,                                        Civ. No. 23-2092 (PAM/LIB)

                           Plaintiff,

v.                                             **MEMORANDUM AND ORDER**

Warden Rardin; Gabriel Langseth, Rehab
Services; Herzog, Nurse; Peggy Moore,
P.A.,

                           Defendants.

_____

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Leo I. Brisbois dated April 5, 2024. (Docket No. 17.) The R&R recommends that Plaintiff Joel Spigelman's Amended Complaint be dismissed without prejudice for failure to effect service within the required time. Less than two weeks after the R&R issued, Spigelman filed a Motion for Extension of Time to Serve Defendants and Motion for Court Assistance in Service (Docket No. 18), which the Court construes as an objection to the R&R.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). After conducting the required review and for the following reasons, the Court **OVERRULES** the R&R, grants Spigelman's request for more time to effect service, and denies Spigelman's motion for Court assistance in that service.

**BACKGROUND**

Spigelman, a prisoner at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"), filed this action under 42 U.S.C. § 1983 in July 2023. (Compl. (Docket No. 1).) In his initial Complaint, Spigelman asserted that a "Lt. Langseth" and "Linb Laboratory" had failed to adequately treat an infection in Spigelman's foot. He raised claims of medical negligence, deliberate indifference, and cruel and unusual punishment. Because of the alleged negligence and deliberate indifference, Spigelman claimed that he "was not able to perform my workout to help with my heart failure," that he was bedridden for a week, and that he "now ha[s] a hole in my foot from the infection." (Id. at 5, ¶ V.) Spigelman further alleged that he "will have ongoing medical care for the rest of my life" as a result. (Id. at 5, ¶ VI.) He sought damages of $15 million. (Id.)

After seeking an extension of time to do so, Spigelman paid the full filing fee. (Docket No. 4.) He thereafter filed an Amended Complaint, naming as Defendants the Warden of FMC-Rochester, and Gabriel Langseth, "Nurse Herzog," and Peggy Moore, all of whom appear to be on the medical staff at FMC-Rochester. (Am. Compl. (Docket No. 7) at 2-3, ¶¶ I.B.) Spigelman's Amended Complaint differs in important respects from his initial pleading, although the underlying claims are the same: medical malpractice, deliberate indifference, and cruel and unusual punishment.[1]  (Id. at 3, ¶ II.C.) The

---

[1] To the extent Spigelman intends his Amended Complaint to supplement, not supplant, his initial Complaint, the Rules do not allow such supplementation. Local Rule 15.1 specifically prohibits amendment by supplement unless authorized by the Court. D. Minn. L.R. 15.1(a) ("any amended pleading must be complete in itself and must not incorporate by reference any prior pleading."). The allegations in Spigelman's Amended Complaint are thus the only operative allegations in this matter.

Amended Complaint contends that Spigelman failed to receive adequate care, asserts that medical staff at the prison were not adequately trained, seeks monetary relief of $1,050,000, and asks that Warden Rardin be ordered "to address the severe medical issues going on with the staff here." (Id. at 5, ¶ VI.) The Amended Pleading contains no specific allegation as to what any individual Defendant is alleged to have done or failed to do.

Spigelman has never served his Amended Complaint on any Defendant in this matter. In September 2023, Magistrate Judge Brisbois explained the following federal service-of-process rules to Spigelman (Docket No. 11 at 3): a plaintiff must serve each defendant within 90 days of the complaint's filing, and such service may be accomplished by a person "who is at least 18 years old and not a party" to the lawsuit. Fed. R. Civ. P. 4(c)(2), (m). The Order also pointed Spigelman to Rule 4's additional service requirements, and explained that Rule 4(a) and (b) set forth what must be included in a summons for it to be effective. (Docket No. 11 at 3.)

Despite this guidance, Spigelman did not request a summons from the Court, nor did he attempt to effect service. In January 2024, well after Rule 4(m)'s 90-day deadline had passed, Magistrate Judge Brisbois ordered Spigelman to file proof of service or show good cause for his failure to do so. (Docket No. 12.) In response, Spigelman requested an extension of time for service, claiming that poor health had prevented him from properly effecting service. (Docket No. 13.) Magistrate Judge Brisbois granted Spigelman an extension to serve the Defendants until February 22, 2024, and in early February, after Spigelman submitted United States Marshal service forms, the Clerk's Office issued summonses to Spigelman. (Docket No. 15.) The Clerk's Office informed Spigelman that

it was his responsibility "to have a copy of the summons and complaint served on each Defendant." (Docket No. 16.)

Spigelman again did not effect service, however, and thus on April 5, 2024, six weeks after the extended date for service, Magistrate Judge Brisbois recommended dismissal of Spigelman's lawsuit without prejudice under Rule 4(m). (Docket No. 17.) In response, as noted above, Spigelman again moved for additional time to serve Defendants and requested Court assistance in doing so. (Docket No. 18.)

**DISCUSSION**

Rule 4 is clear: "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). Starting in September 2023, the Court has warned Spigelman of the consequences of failing to comply with the Rule's service requirements. He has persisted in failing to effect service on any Defendant.

Although "at the plaintiff's request, the court may order that service be made by a United States marshal" or other process server, id. R. 4(c)(3), the Court is wary of becoming a process server for prisoner litigants who, like Spigelman, do not have a demonstrated financial need for that assistance. Moreover, all Defendants named in the Amended Complaint work in the facility in which Spigelman is detained and thus could likely be served by someone other than Spigelman handing a copy of the summons and complaint to them. See id. R. 4(c)(2). Because all Defendants are employees of the United States government and are presumably sued for actions taken within the scope of their

4

employment, the Rule also requires service on the United States.  Id. R. 4(i)(3).  Such service may be accomplished by sending a copy of the summons and complaint via registered or certified mail to the civil-process clerk at the United States' Attorney's Office in the District of Minnesota and to the Attorney General in Washington, D.C.  See id. R. 4(i)(1)(A)(ii), (B).  Court assistance is not necessary for either of these forms of service.

The Court will allow Spigelman a final chance to properly serve Defendants, but will not assist him in that endeavor.  If Spigelman does not effect service in the time allowed, the Court will dismiss this matter without prejudice as to any unserved Defendant, as Rule 4(m) requires.  And Spigelman is warned that the Court will not entertain any further extension of the service deadline.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 17) is **OVERRULED**;

2. Plaintiff's Motion for Extension of Time and Motion for Court Assistance (Docket No. 18) is **GRANTED in part** and **DENIED in part**; and

3. The deadline for service of the Summons and Amended Complaint on each Defendant is extended to June 3, 2024.

Dated: May 3, 2024

*s/ Paul A. Magnuson*
The Hon. Paul A. Magnuson
United States District Court Judge