UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joel Spigelman, | Civ. No. 23-2092 (PAM/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Warden Rardin; Gabriel Langseth, Rehab Services; Herzog, Nurse; Peggy Moore, P.A., | |
| Defendants. | |

This matter is before the Court on Plaintiff Joel Spigelman's Motion to Reopen. In January 2024, after Spigelman failed to secure summonses to effect service on Defendants, United States Magistrate Judge Leo Brisbois ordered Spigelman to show cause why his lawsuit should not be dismissed for failure to prosecute. (Docket No. 12.) The Court allowed Spigelman additional time to serve Defendants, but he did not do so; thus, the Court dismissed the case without prejudice in June 2024. (Docket Nos. 19, 22.) In August 2024, the United States Court of Appeals for the Eighth Circuit affirmed that decision. (Docket No. 31.)

Spigelman contends that the matter should be reopened because he has identified someone who is able to serve process on Defendants. (Docket No. 39.) The Court has limited authority to reopen a case after final judgment has been entered. Although Spigelman does not specify the legal authority for his Motion, Rule 60(b) provides the grounds on which a court "may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). The Rule sets forth specific reasons for such relief,

including a mistake, the discovery of new evidence that could not have been discovered previously, or fraud, among other reasons. Id. Rule 60 does not provide the legal basis for the relief Spigelman seeks. Moreover, the Court allowed Spiegelman ample time to serve Defendants in the first instance. Spigelman's claims were dismissed without prejudice, thus he may file a new case if he so wishes. (See Docket No. 22 at 2.)

Accordingly, **IT IS HEREBY ORDERED that** Spigelman's Motion to Reopen (Docket No. 39) is **DENIED**.

Dated:  January 2, 2025

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge